# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **DARRELL ROBERTS,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:07-CV-581-A |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| **INSTITUTIONS DIVISION,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Darrell Roberts, TDCJ-ID #1357921, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Livingston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Roberts is serving a six-year sentence for his March 13, 2006, conviction for theft, enhanced to felony status by prior convictions, in the 396th Judicial District Court of Tarrant County, Texas, cause number 0981433. (State Habeas R. at 21-31.) He did not appeal his conviction or sentence. (Petition at 3.) On August 23, 2006, Roberts filed a state habeas application challenging the legality of his sentence, which was denied without written order by the Texas Court of Criminal Appeals on September 27, 2006. *Ex parte Roberts*, Application No. WR-65-663-01. Roberts filed the instant federal petition for writ of habeas corpus on September 26, 2007.[1] As directed, Quarterman has filed a preliminary response with supporting brief and documentary evidence addressing only the issue of limitations, to which Roberts has replied.

D. ISSUES

Roberts raises one ground for relief complaining of ineffective assistance of counsel. (Petition at 7.)

E. STATUTE OF LIMITATIONS

Quarterman argues that Roberts's federal petition for writ of habeas corpus is barred by the one-year statute of limitations. (*Id.* at 3-6.) 28 U.S.C. imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

   created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

  Because Roberts challenges his 2006 conviction and/or sentence, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. *See id.* § 2244(d)(1)(A). For purposes of this provision, the judgment of conviction became final upon expiration of the time that Roberts had for filing a timely notice of appeal on April 12, 2006. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, the one-year limitations period began to run on that date, and closed one year later on April 12, 2007, absent any applicable tolling.

  Roberts's state habeas application tolled the limitations period 35 days for purposes of § 2244(d)(2), making his petition due on or before May 17, 2007. Although Roberts makes the argument, he has not demonstrated that he is entitled to additional tolling as a matter of equity. Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is

3

actively misled by a party about the cause of action or is prevented in an extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Roberts asserts that the delay, through no fault of his own, was caused by transfers between prison units and delays in receiving his legal papers and materials and notice of the state court's denial of his state habeas application. (Pet'r Response at 2-4.) The reasons cited by Roberts are common problems among inmates who are trying to pursue postconviction habeas relief and do not amount to exceptional circumstances warranting equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Although delayed notice by the state court of the denial of a prisoner's state habeas application may under some circumstances warrant equitable tolling, this is not such a case. Roberts waited over five months to file his state habeas application, and, he concedes he received notice of the denial of the application on December 5, 2006, yet he did not file his federal petition until over nine months later on September 27, 2007. Roberts did not proceed with the diligence and alacrity required to avail himself of the equitable tolling doctrine. See *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Gordon v. Quarterman*, 236 Fed. Appx. 975, 976-77 (5th Cir. 2007) (not published in the Federal Reporter).

Roberts's federal petition was due on or before May 17, 2007. His petition filed on September 26, 2007, is therefore untimely.[2]

## II. RECOMMENDATION

Roberts's petition for writ of habeas corpus should be dismissed as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION

---

[2]It is noted that even if Roberts's petition had been timely filed, his ineffective-assistance claim, which was not asserted in his initial state habeas application, would be procedurally barred from federal habeas review. Texas's abuse-of-writ rule is an adequate and independent procedural ground on which to base a procedural default ruling. *See Aguilar v. Dretke*, 428 F.3d 526, 532-33 (5th Cir. 2005); *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir.1999).

**AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 19, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

**IV. ORDER**

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 19, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 29, 2008.


   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE